IN  THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KENNETH WILLIAMS, #336-398
               Plaintiff            :

               v.                 : CIVIL ACTION NO. AW-06-2485
WARDEN                      :
               Defendant

## MEMORANDUM

On September 25, 2006, plaintiff Kenneth Williams, presently incarcerated at the Eastern Correctional Institution in Westover ("ECI"), filed a letter complaint seeking money damages and alleging that he has been deliberately assigned a cell with an HIV-positive sex offender who on several occasions has attempted to molest him.  He states he attempted to resolve the problem through the Administrative Remedy Procedure ("ARP") process, but that corrections officers refuse to provide him the appropriate ARP forms.  Because these allegations, if true, raised serious questions about plaintiff's safety and well-being, the Office of the Maryland Attorney General was ordered to respond to the motion, which was docketed as a civil rights action filed pursuant to 42 U.S.C. § 1983.

The response, construed as a motion for summary judgment, has been received and opposed by plaintiff.  Paper Nos. 5, 7, and 12.  Several nondispositive motions filed by plaintiff also are pending.  Paper Nos. 2, 8, 9, 11, 13, 14, 15, and 16.  No hearing is needed to resolve the constitutional issues raised in this case.  *See* Local Rule 105.6 (D. Md. 2004).

The court first will address plaintiff's pending motions.  Plaintiff's initial request for leave to proceed in forma pauperis (Paper No. 2) shall be granted.  Plaintiff's motion for summary judgment (Paper No. 8) simply reiterates allegations raised in the complaint and amended complaint and thus is denied.  He also seeks judgment in his favor based upon his mistaken belief that

defendant's responsive pleading was untimely filed.  Those motions dealing with the alleged untimeliness of the pleading (Paper Nos. 9, 11, 14, 15, and 16) also shall be denied.[1]  Plaintiff's November 9, 2006, motion for temporary restraining order (Paper No. 13) seeking his immediate transfer from ECI shall be denied, for reasons apparent herein.[2]

Turning to the pending dispositive motion, the court notes that a motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  In other words, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate.  *See Anderson*, 477 U.S. at 250; *see also Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987); *Morrison v. Nissan Motor Co.*, 601 F.2d 139, 141 (4th Cir. 1979); *Stevens v. Howard D. Johnson Co.*, 181 F.2d 390, 394 (4th Cir. 1950).  The moving party bears the burden of showing that there is no genuine issue of material fact.  *See* Fed. R. Civ. P. 56(c); *Pulliam*, 810 F.2d at 1286 (citing *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979)).  Furthermore, when ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of and construe the facts in the light most favorable to the non-moving party.

---

[1]     Although captioned as a response to a counterclaim, Paper No. 15 merely reiterates plaintiff's belief that defendant's response to the show cause order was untimely filed.

[2]     In this pleading, plaintiff also alleges without specificity that since his transfer to another compound at ECI, he is "assaulted daily" by members of the Black Gorilla Family ("BGF") and other prisoners who are permitted to enter his cell while he sleeps in order to inject him with needles and cause him to develop AIDS. He also claims he has been told by prison medical staff that he is HIV-positive and knows this is a lie.  Finally, he contends his sentence is illegal.  Plaintiff may challenge his conviction and sentence by way of a separately-filed habeas corpus proceeding.  The other allegations do not bear a direct connection to the claims raised in his initial and amended complaints here, and may be addressed by this court if presented in a new complaint.  The forms for filing a habeas corpus case and a civil rights action may be obtained upon request from the Clerk.

*See Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 437 (4th Cir. 1998).  There must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.  If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted).

Plaintiff claims that on July 5, 2006, he was assigned to a cell with fellow prisoner Donel Blanding, who was HIV-positive and convicted of sex offenses.  Paper No. 1 at 3.  Plaintiff states that prison officials should not have housed him with a known sex offender, and that when he attempted to complain about the cell assignment correctional officers refused to provide him with ARP forms.  He claims that Blanding behaved strangely, once washing his clothing in the toilet, and on two occasions fondled plaintiff, awakening plaintiff from his sleep.  Plaintiff states that on September 13, 2006, he wrote the Warden concerning Blanding, but nothing was done.  *Id*. at 4-5.  He claims that his placement in a cell with Blanding was undertaken deliberately to cause him harm. *Id*.

Defendant states he is unable to determine whether plaintiff was in fact denied ARP forms.  In any event, plaintiff's letter was received by Defendant Green (the Warden) on September 14, 2006.  The letter, which does not reference the alleged sexual assaults, detailed the incident concerning the washing of clothes in a toilet, and listed other complaints about the difficulty of living with a "big fellow with [a] big mouth."  Paper No. 5, Exhibit 1 at 4-5.  Five days later, plaintiff was moved to another cell away from Blanding.  On October 10, 2006, plaintiff was transferred from the West Compound to the East Compound, placing him further away from Blanding.  *Id*., Exhibit 1 at 1.

For plaintiff to established a claim alleging failure to protect him from a known enemy he must show that:  1) the deprivation must be sufficiently serious; and 2) the prison official involved must have a state of mind that is one of "'deliberate indifference' to inmate health or safety." *Farmer v. Bernard,* 511 U.S. 825, 834 (1994).  This means that "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Id.* at 837.  This is a high standard to meet, as plaintiff must prove not only that defendant was aware of the "facts from which a reasonable person might have inferred the existence of the substantial and unique risk," but that defendant actually drew the inference. *Rich v. Bruce*, 129 F.3d 336, 340 (4th Cir. 1997).  The Fourth Circuit has held that "[t]rue subjective recklessness requires knowledge both of the general risk and also that the conduct is inappropriate in light of that risk."  *Id.   Rich* was decided on appeal from a finding of the district court after a bench trial, where the trial judge made specific findings concerning the defendant's state of mind. It made clear, however, that actual knowledge of facts from which a reasonable person might have inferred the existence of substantial and unique risk to a plaintiff is not enough.   In addition, plaintiff must prove that the defendant was aware that his conduct was inappropriate in light of the risk.  A defendant who unsoundly, stupidly, or negligently fails to appreciate the risk is not liable under *Rich*.

As to the two alleged incidents wherein plaintiff claims to have been fondled by his cell mate, plaintiff has forecast no evidence sufficient to show that the Warden (or, for that matter, any correctional officer at ECI) drew the inference that is required to prove deliberate indifference to establish an Eighth Amendment violation.  Plaintiff's belief to the contrary, the mere fact that plaintiff was housed with a violent offender, without more, does not state a cognizable constitutional claim.

-4-

Plaintiff further claims that correctional officers barred him from obtaining ARP forms so that he could request a cell transfer from defendant.[3]  The record, however, reveals that plaintiff wrote a letter to defendant on September 14, 2006, complaining about the unhealthy habits of cell mate Blanding, and as a result was moved to another cell on September 19, 2006.[4]  Paper No. 5, Exhibit 1 at 2.  The undersigned notes that the letter to defendant made no mention of the alleged fondling incidents.  *Id.*, Exhibit 2 at 4-6.  Defendant acted quickly upon receipt of plaintiff's complaint about his cell mate, even though the missive was not on ARP forms.  Furthermore, despite his alleged inability to obtain ARP forms and proceed through the administrative remedy process, plaintiff's civil rights action  was received and proceeded on the merits in this court.

Plaintiff has not met his burden of establishing a failure to protect claim or a denial of access to the court.  Therefore, the motion for summary judgment is granted in favor of defendant Warden.  A separate Order follows.


Date: December 7, 2006                    _____/s/_____
                                          Alexander Williams, Jr.
                                          United States District Court




_____

[3]        He claims that a number of officers would testify as to why he was denied the forms.  Paper No. 8 at 3.

[4]        Plaintiff was later moved to the opposite compound at ECI on October 10, 2006.  Paper No. 5, Exhibit 1.